With the lawyers, please approach and introduce yourself to the court. Good morning, Your Honor. My name is Jerome Marvin Kaplan. I represent Loretta Farkas, now known as Loretta Kehoe. Good morning, Your Honor. My name is Paul Parkin, and I represent the appellant Frank Farkas. The appellate, Your Honor, is saying you'd have to reserve some time before you're rebuttal. Both of us do very short arguments, so I suspect I'll finish in ten minutes. All right, we'll hold you to that. We have a speed record. Both of us finished an oral argument of both sides in less than ten minutes. Okay, well, let's see what happens. Thank you, Your Honor. Last fellow who told me that he was arguing at four o'clock. Go ahead. The parties were divorced on December of 1988. Yeah. Let me ask you a question right off the bat. Wasn't there an agreement, a settlement agreement, part of this judgment for dissolution? Yes. And didn't that provide what the parties would get on this pension? No. Because it could not be determined. Let me ask you this, Mr. Kaplan. What is the real dispute between your side and the ex-husband's side? What are you saying that she's entitled to, and what is he saying she's entitled to? He says she's saying she's entitled to $458 per month. He's saying she's entitled to $89 per month. And what is he earning right now in his pension? That's not in the record. There was no evidence in the record asking what the pension is. So doesn't the agreement provide that your client would receive 50% of his pension prorated to the time, to cover the period of marriage? Or are you saying that she's entitled to 50% for the entire duration of his employment with Stone Park Police Department? That's what Richards told us. That's what you're saying. That's what Richards told us. No, no, but let me ask you. Is that what you're saying? That's what you're saying that you're entitled to? Yes. Your client. She's entitled to one half of the entire pension that he is receiving now. Prorated multiplied by the equation that is set forth in the Hunt case where you take the numeral. We know what the formula is. So let me ask you this. Are you saying that if they were married 30 years, for example, and I don't know how long they were married. No, let's say they were married 15 years. But he was employed 30 years at Stone Park. So if he's receiving $1,000, she would get one half. We would begin with one half of that figure would be 500. And then she would be entitled to half of that because she's entitled to 50% of what he would earn for those 15 years. It's 50% of the formula that you use to determine the marital ratio. Right. That's exactly what I said. And I want real figures here. I don't want to just deal with formulas. Tell me what you say that you don't even know what he's making now. But that's because there was a fact hearing before Judge Harris. Well, he came up with a figure. He did the math. Well, but what did he do the math with? What figures did he use? Well, there was no court reporter and there was a bystander's report there. And that's why the case has to be. You have to understand the procedural history is very important. Had the case come back to Judge Harris. What relief are you seeking from us? Are you seeking a remand for a full evidentiary hearing? That's exactly right. But we never got one before Judge. Well, then how did the second and the second judge, did she say that your client is only entitled to $98, even though there's no figure in the. For some reason, it was up to 180 and that's it was up to 189 or something. You have to read the reports. I'm not concerned about having to read anything. I'm here asking you questions and you should have read everything and you should be able to answer these questions. And my concern is what exactly do you want us to do? Send it back to Judge Harris so we can complete. Why would we send it back to Judge Harris? Because he started a hearing. Why isn't it any other judge good enough? Because when my client came in from Nevada. Are you entitled to a hearing before a particular judge? She did not consider the law and it's clear from the report of proceedings. So then you're only asking us to send it back to whatever judge case gets assigned and retell that judge to consider the law and to make the calculations in accordance with the law. So it's not a question of sending it back to a particular judge. Didn't the settlement agreement provide that your client would be exempt from the separation of the parties? That's right. But that was the issue in Richardson. You have to use the reserve jurisdiction because a lot can happen. Keep in mind 21 years later. Richardson wasn't like this case. This case had a settlement agreement. It had a settlement agreement. It had a settlement agreement. It was a settlement agreement. It was a settlement agreement. It was a settlement agreement. And it was rejected by the, if you take a look at the 70 page petition filed by my client. You see the correspondence from the police lawyer saying we reject the qualified domestic. Let me ask you this. Under the original qualified domestic relations order that was entered pursuant to the judgment of dissolution, do you have a calculation as to what the pension amount she is entitled to under that original order? It's set forth in the. I'm asking for a set amount. Do you have a particular amount that she would be entitled to under that order? But the. But you're not answering Justice Garcia's question. You either do or you don't. You do if you propose a quadro that was presented and not entered. Here's my concern. The judgment says that the pension should be entered pursuant to a quadro, right? The pension fund says, you know, the law has now changed. We no longer use quadros. We use Illinois quadros. And so all you have to do is convert the original. So I see this case as being a fairly simple case. Was a quadro entered in this case? Yes. No, no, no. Subsequent. After the pension says we're not accepting this quadro, was there an equivalent of a quadro? No. Is your client entitled to a quadro? Well, is she entitled to an order dividing the pension fund pursuant to the judgment? Yes. Did she get one in this case? No. Okay. And then the question follows that is what's the formula or what's the calculation that you follow to decide what that pension amount is? It's in the quadro. And that's where the dispute is. But the bottom line, the initial problem in this case is that there's been no equivalent of a quadro entered that the pension fund must follow because the law changed and the original quadro was not accepted. But isn't your client entitled to that sort of order being entered regardless? The equivalent of it? No, because the law changed and you it's a non-contributory pension that is vested but has not matured. And that language is set forth in Hunt and it's set forth in Richardson. Those cases are totally distinguishable from this case. Going back to Justice Garcia's question, Frank is now retired, isn't he? Yes. So that's why you don't need a qualified plan at this point in time. Isn't that true? No, no. Just ask me whether it's true. I mean, if I ask you whether this is a pair of glasses, don't tell me it's an elephant. No. The quadro that is in place is not the proper document for directing the plan representative to divide the pension. Hold it, Mr. Kaplan. I think Gordon just asked you. I thought I had asked you earlier. Is there a quadro in place that binds the pension fund to pay your client a certain portion of the pension amount that the ex-husband gets every month? No. Right. And so the question is, why is Justice Gordon's question correct? That simply because he's retired now, there is no need for a quadro. It seems to me that there still needs to be a quadro because the funds shouldn't come from the ex-husband. The funds should come from the pension fund. That is correct. And you need a quadro to direct the pension fund to issue her a certain portion. That's correct. And do we have that here? I know it was in the original judgment council. I'm asking you. No, we have a proposed that was presented and approved. Was it entered? It was not entered. Right. But if we took the same terms and put it in a new one, that wouldn't satisfy you anyways because you're looking for different terms. Well, there would still be some direction as to how you would value her interest. Well, if we value her interest the way the settlement agreement and the quadro initially was planned, that's not what you're looking for. So you don't care whether there's a quadro or not. You're just looking for more money. Isn't that the case? Well, because we're entitled to more money. We're looking at the existing caseload. But don't you want a quadro? Don't you want the equivalent of one to direct the pension fund? And so why should we even reach the amount that your client is entitled to until there is a proper order entered here directing the pension fund to divide the pension pursuant to the judgment? There's no dispute that the judgment says what it says, and it should be divided in a certain way. But we need an order directing the pension fund to enter that, to divide the pension pursuant to the terms of the judgment. In one word, yes. You're correct. Absolutely. That's what I want. Okay. I want to go back from meeting here. Let's hear from the other side. I'm through. Okay. But in your briefs, you're asking for money. Do you tell us what the amount is? Well, it's what the... Do you tell us in the brief, do you give us a specific... Yes, the $458 we'll judge for. In your brief, in your relief portion of your brief? No, we just asked for an outback reversal. But you have power to do anything, you know, but then, you know, you can enter a... It doesn't preclude you from giving an amount, but basically I want a new hearing to a fact hearing on the issue of what she's entitled to. But you don't care if there's a qualified plan or not a qualified plan. You're looking for a certain sum of money based on a certain formula. Yeah, the formula. The formula set forth on the proposed formula was pre-approved. It was pre-approved already. I understand. You never asked us for any quadro or anything like that. Thank you very much. All right. May it please the court. Mr. Kaplan advocates for the principle in his brief and I think in his argument before the court today, which is unrecognized in the law. The principle is that a court may be able to use the reserve jurisdiction method to allocate the mere portion of a party's pension rights, even though the party is judged for dissolution of marriage, marital settlement agreement, and quadro at the time of the dissolution proceedings provides the formula... Let's address that fundamental question first, counsel. Sure. Should there be an order from the court to the pension fund directing it without getting into the dispute as to the amount. Should there be an order directed to the pension fund... Sure. I agree with that principle exactly. As a matter of fact, that goes so far as to say that the order, whether you call it a quadro, a quadro, or whatever you call it, should be directed to the pension fund and it should incorporate or realize the amount based upon the agreement that's contained in the parties. If you don't do that, the other thing I would say, I mean, if Mr. Kaplan is right and you can use the Hunt formula in a reserve jurisdiction here, then parties' marital settlement agreements don't mean anything. Right. But let me ask you this regarding what we should do here. Should we... Why shouldn't we simply remand it to the circuit court telling them they have to enter this equivalent of a quadro, a quildro, now and let the circuit court make the right calculation because I don't know that we have that yet. We have one figure from Mr. Haraz, Judge Haraz, but we don't have one from the actual judge that issued the final order. Well, my answer to that is sure, but I wanted to say one more thing in connection with that. I believe, and I always hesitate to do this when I operate from memory given my age and circumstances. You're in our generation. But what I was going to say is I believe that the judge who entered the order in this case, that there were quildros submitted, and I believe she said that the quildro submitted by my client's lawyer at that time was the right one and had the accurate figures. Now, that is certainly not in the record. I looked for it. I didn't find it. But I think if that's already been done, then I think that's exactly what the court... Well, no, you don't, Your Honor. But I would say to the extent that... And that would make things quite simple if we were to remand because it's somewhere there. Somebody wrote it up already. I'm not suggesting that that's an inappropriate way to resolve this case. But what I am saying is that it's clear. I mean, I have, which I don't think I need to go through, but I have sectioned out the provisions of the judgment for dissolution of marriage, the marital settlement agreement, and the quildro, which I might add were all prepared and filed on the same date. And they were all prepared by the former Mrs. Farkas's lawyer, if you take a look at the signature blocks. So as long as... I mean, that's the agreement. I don't think there's any question about it. It's different than Richardson. It's different than Culp because in those cases there were no agreements involved. It's also different than Hunt because at the time Hunt was decided, it had not yet been determined that a marital... We know that all those cases are distinguishable. The issue here, you know, that we'd like you to focus on is do you really need a qualified domestic relations order here or do you just need an order of court as to what your client should pay? I think the answer to your question, Your Honor, is you need what the pension board requires. I think that that's a quildro based on my understanding of the record so far. And I think one was submitted is my point, even though it's not before the court. But otherwise it would be up to the husband to give her whatever share she would want. I don't think that's appropriate. I agree it's not appropriate, but the pension fund is under no obligation until it receives a proper order from the court directing it to pay a certain amount and that order was never entered. Based on the record before. But I'm agreeing with you. In your briefs you don't say that. I don't say what? You don't say that we need to send it back for a new qualified. Well, I was responding to his argument. It seemed to me that the position that was presented by my worthy opponent was that the agreements don't mean anything. That you have to use the reserve jurisdiction method based on Richardson's fault and whatever. I was responding to that and saying, no, you have to follow the agreement. You have to follow the formula. Those cases don't apply because they're distinguishable. Can I ask one question? I just want to get your position clear. Your position is that the young I can't think of her name. The wife. Or the ex-wife is entitled to the amount under the quadro, even though now it's called a quildro. And that it should be, so in effect the judge is right. She wasn't entitled to a change in the amount. But that you're agreeing that there is the right for an order to the court to direct the pension fund to give her the amount under the quadro but call it a quildro. My answer in one word is yes. I think a mechanism needs to be effectuated in order to accomplish what the agreement says. And then if the ex-wife were to dispute the amount that she would receive under that order that was entered by a circuit court judge directing the pension fund to give her a certain amount, then she can appeal and then she can try to challenge it. But right now I don't see that it's really an issue for us until that order is entered. Well, I would agree with that. I would like to make one observation. It seems to me that if there was, and I think the record would indicate that there was a quildro submitted to the court which the court approved or said the numbers there are right, that's the judge who actually decided the case. If that is in fact the case, then it seems to me that's the quildro that should go to the court. I don't think she should be able to dispute that amount. You can certainly supplement the record if there is such an order that has been entered and we don't have it. I'll talk to trial counsel and see if there is such a thing. But what I'm saying to Your Honor in terms of my observation is without getting too technical, if that was to go into the record, it's generally the appellant's obligation to do that and any presumptions that flow from that are negative against the position. So I don't really think that she should get a second bite at the apple. I agree with you, but my only concern is whether the pension fund is going to be bound to make a distribution. My impression is that they will. To me, I see this as a technicality, a formality or something like that. You have to have the right kind of form. Here's the problem that you're not seeing. If you're going to send it back and ask for another qualified domestic relations order, you're opening up a Pandora's box.  Yes, Your Honor, you just agreed with Justice Garcia that it should be sent back for that. That's what you said. No, all I said, Your Honor, is you need the right mechanism in order to get the... Why do you need this mechanism? What's the matter with the mechanism now that the court said he's to pay based on the first qualified plan? What's the matter with that? I think that what I said was if a quidro is the right order, then you convert the quadro to a quidro. You put the numbers in based on the formula that's presented here, and that should be the end of the story. If, in fact, there is a quidro that was submitted, which the judge said is the right one, then it seems to me the case is over. But my point is, and I'll stop now. I try to honor what Mr. Kaplan said at the beginning. But my point is, and one thing is crystal clear, based on the law that exists, there is no basis for any court to redetermine the amount of the pension that she's supposed to get. That's determined at a judgment, the marital settlement agreement, and the quidro that was entered. That's clearly the agreement of the parties. So I would certainly ask the court to affirm that. Thank you. Very briefly now. We haven't gone so fast as you said. I'm going to answer one question. The evidence that Mr. Farkas presented as to what he felt would be appropriate was a statement which is contained in the bystander's report. He says, I talked to the actuary for the pension, and he said she has $89 coming. So that's in the record. That was his evidence.